UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ANITA DESORMEAUX**  **DOCKET NO. 6:22-cv-0586**
    **B.O.P. # 17404-035**  **SECTION P**

**VERSUS**  **JUDGE DAVID C. JOSEPH**

**AMY BONCHER**  **MAGISTRATE JUDGE WHITEHURST**

### REPORT AND RECOMMENDATIONS

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Anita Desormeaux. Desormeaux is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at FPC-Bryan in Bryan, Texas.

### I.   Background

Petitioner Anita Desormeaux is currently serving a sentence imposed by this Court on November 24, 2015. Doc. 1, p. 1. She requests that eight (8) months of time be credited toward her federal sentence for time she served in state custody prior to her federal sentencing hearing. Petitioner contends that she is entitled to a credit for such time because the district judge told her at her sentencing hearing that she would receive "credit for time served from 9/17/14 (date arrested)" and recommended that her "sentence run concurrent with any other sentence in state court subject to the state court judges' approval." Doc. 1, p. 7, ¶ 13(a).

Petitioner's state-custody-credit claim has previously been raised in a petition under 28 U.S.C. § 2241, properly filed in the United States District Court for the Southern District

of Texas, Houston Division, the federal jurisdictional district where petitioner is currently incarcerated. *See* doc. 1, att. 2, pp. 9-13. That court denied her petition, finding that the "federal court had no authority to award Desormeaux the prior custody credits she now seeks" because she did not show that the Bureau of Prisons erred in determining the duration of her federal sentence under § 3585(b). *Id.* at pp. 11-12.

She filed the instant petition, raising the same claim.

## II.   Law and Analysis

"A claim for time served prior to the date of a federal sentence . . . . must . . . proceed via a petition for habeas corpus under 28 U.S.C. § 2241." *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989). However, in order to entertain jurisdiction over a Section 2241 habeas petition, the federal district court must have jurisdiction over the petitioner or his custodian when the petition is filed. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (*citing Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978)). While Petitioner's claim is properly raised in a § 2241 petition, the Southern District of Texas is the district of proper jurisdiction, as she is incarcerated at FPC-Bryan in Bryan, Texas.

## III.   Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected

in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of June, 2022.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE